UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KYRIS BLACK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV388 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. Also pending are Movant's Motion for Recusal and Reconsideration, [Doc. No. 8], and his letter construed as a motion, to file his "Petition for Injunctive Relief and Request for Writ of Habeas Corpus" *nunc pro tunc*, [Doc. No. 9]. For the reasons set forth below, the motions are denied, without a hearing.

Movant seeks recusal of the undersigned based on Movant's belief that the Court is "helping" Respondent by granting Respondent additional time to file its response to the instant motion. Further, Movant argues that the Court is denying his constitutional rights because of the Court's Order which denied Movant's Petition for Injunctive Relief as moot since Respondent had already obtained an extension to

file its response.  Such are insufficient reasons for recusal and the Motion is denied.

Movant seeks a *nunc pro tunc* filing of his Petition for Injunctive Relief.  This Motion is denied, as moot because the "Petition" was filed on July 25, 2007 and was denied on July 27, 2007.

**Facts and Background**

Movant was indicted on August 25, 2005, charging him with: Count I: Possession with intent to distribute more than five grams of Cocaine Base (crack); Count II: Possession of a firearm in connection with a drug trafficking crime: Count III: Possession of Marijuana; and Count IV: Possession of Cocaine.

On December 5, 2005, Movant pled guilty pursuant to a written plea agreement to Count I.  Pursuant to the parties' agreement, Respondent dismissed Counts II, III and IV.  In the Plea Agreement, the parties waived their rights to appeal and Movant waived his right to file any post-conviction motions, with the exception of prosecutorial misconduct or claims of ineffective assistance of counsel. The Plea Agreement was filed with the Court.

At the plea hearing, Movant stated under oath that he was satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with.

Movant admitted on the record that his plea was voluntary and that no one was forcing him to plead guilty. He did not, at any time during the plea voice any concern with his attorney, nor did he otherwise advise the Court that he was not pleading voluntarily.

On March 2, 2006, Movant was sentenced to term of 70 months incarceration and a term of supervised release of 4 years. This sentence was at the low end of the Sentencing Guideline range (70-87 months) as argued by counsel for Movant and not objected to by the Government. At the sentencing, the Court advised Movant of his appeal rights, and noted that most, if not all of those rights had been waived in the plea agreement.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage

of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The

defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he

was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## **Discussion**

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956

F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829.

### **Grounds One and Two: Ineffective Assistance of Counsel For Failing to Advise Him of the 487 Amendment of the Guidelines Before Pleading Guilty**

Movant argues that counsel was ineffective because she did not address Amendment 487 to the Sentencing Guidelines makes clear that all "cocaine base" is crack. Movant contends that counsel did not advise him that the Government had a duty to prove that the cocaine base in this case was crack beyond a reasonable doubt.

Counsel for Movant has submitted an affidavit wherein she avers that she

discussed with Movant the Government's burden of proof regarding each element of the offenses charged. Movant has submitted his Affidavit wherein he states that his attorney advised him that "all base cocaine is crack cocaine" and that he learned the difference between crack cocaine and cocaine base under the 487 amendment provision during his time spent in the law library at FPC Millinton. The Court need not, however rely solely on the affidavits and their veracity.

In the Plea Agreement, the elements of the offense are clearly articulated.

A. The defendant possessed over 5 grams of a mixture or substance which contained cocaine base (crack);
B. The defendant knew the substance possessed was cocaine base (crack); and
C. The defendant intended to distribute some or all of the cocaine base (crack).

Moreover, Movant's claim is clearly refuted by the record before the Court. At the Change of Plea hearing, Movant admitted that he was guilty of the charges and that he understood those charges. He admits that his lawyer explained everything to him and that he was satisfied with counsel's representation. Movant advised the Court that he understood the terms of the Plea Agreement and the Sentencing Guidelines. He further advised that it was his desire to plead guilty and that no one was forcing him to do so. Movant admitted that he possessed over 5 grams of cocaine base or crack, and that he knew the substance was cocaine crack.

Movant's claim that he did not know of the Respondent's burden of proof beyond a reasonable doubt nor of the 487 provision is without merit.

### Ground Three: Ineffective Assistance of Counsel under *Blakley v. Washington* regarding evidence as to Movant's Statement made while in Custody

Movant correctly states that under *Blakley v. Washington*, 542 U.S. 296 (2004), every element of the offense must be presented to a jury and proven beyond a reasonable doubt. In further argument, Movant contends that the only evidence the Government had was the statement he made while in custody regarding the cocaine base (crack) and therefore counsel was ineffective for failing to advise him that such evidence was insufficient to prove he possessed crack. Movant's argument fails for the simple reason that he admitted he possessed crack and that he knew it was cocaine base (crack) as part of the plea agreement and during the Plea hearing. Furthermore, counsel's affidavit reaffirms Movant's testimony at the Plea hearing that she explained the Government's burden of proof as to each element of the offenses. Movant has no valid *Blakley* ground for relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which Movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is DENIED.

**IT IS FURTHER ORDERED** that Movant's Motion for Recusal and Reconsideration, [Doc. 8], is DENIED.

**IT IS FURTHER ORDERED** that Movant's Motion to file his "Petition for Injunctive Relief and Request for Writ of Habeas Corpus" *nunc pro tunc*, [Doc. No. 9], is DENIED.

**IT IS FURTHER ORDERED** that this Court will **not** issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

Dated this 1st day of October, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE