UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYRIS BLACK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:07CV388 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's "Motion Pursuant to 59(e) 54(b) and 52(b)," [Doc. No. 13]. Respondent has not responded to this motion. For the reasons set forth below, the Motion is denied.

District courts enjoy broad discretion in ruling on motions to reconsider.[1] *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of

---

[1] Although Petitioner states that the Motion is brought pursuant to Rules 52(b) and 54(b), neither of these Rules apply herein. Rule 52(b) sets forth the requirements for Findings by the Court in "all actions tried upon the facts without a jury. . ." Rule 54(b) applies with respect to Judgment upon multiple claims or multiple parties.

judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In its Opinion, Memorandum and Order, the Court articulated the basis denying Petitioner's Section 2255 Motion. Petitioner has not presented any newly discovered evidence, nor does he point to any mistake as to law or fact. The Court analyzed the applicable law and applied that law consistent with the analysis. While Petitioner may feel he is entitled relief, the record before the Court clearly establishes that Petitioner was not denied effective assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion Pursuant to 59(e) 54(b) and 52(b)," [Doc. No. 13], is DENIED.

Dated this 5th day of November, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE